Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

Cause No.: C-3842-22-M

| | | |
|---|---|---|
| Guillermo San Miguel Martinez and | § | |
| Maura Sanchez, Individually, and as | § | In the District Court of |
| Representatives of the Estate of | § | |
| Guillermo San Miguel Sanchez, Deceased | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | 476th Judicial District |
| | § | |
| Hidalgo County, Brian Ayala, individually | § | |
| and in his official capacity as a Sheriff's | § | |
| Deputy for Hidalgo County, and Juan | § | |
| Flores, individually and in his official | § | |
| capacity as a Sheriff's Deputy for Hidalgo | § | |
| County, | § | |
| *Defendants*. | § | Hidalgo County, Texas |

## Plaintiffs' First Amended Petition

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **GUILLERMO SAN MIGUEL MARTINEZ AND MAURA SANCHEZ, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF GUILLERMO SAN MIGUEL SANCHEZ**, Plaintiffs, complaining of **HIDALGO COUNTY, BRIAN AYALA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A SHERIFF'S DEPUTY FOR HIDALGO COUNTY, AND JUAN FLORES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A SHERIFF'S DEPUTY FOR HIDALGO COUNTY**, Defendants, and for cause of action would show the Court as follows:

## I. Discovery Control Plan (Level 3)

Plaintiffs intend that discovery be conducted under Discovery Control Plan (Level 3).

Tex. R. Civ. P. 190.4.

H:\P\22-5792\Pleadings\10.5.23 First Amended Petition.wpd

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

## II. Parties and Service

Plaintiffs **GUILLERMO SAN MIGUEL MARTINEZ** and **MAURA SANCHEZ** are residents of the State of Texas who reside in Hidalgo County, Texas.

Defendant **HIDALGO COUNTY** is a Texas local governmental entity which has made an appearance herein.

Defendant **BRIAN AYALA**, individually and in his official capacity as a Sheriff's Deputy for **HIDALGO COUNTY** is a person who may be served with process at the Hidalgo County Sheriff's Office located 711 El Cibolo Road, Edinburg, Texas 78541 or wherever he may be found.

Defendant **JUAN FLORES**, individually and in his official capacity as a Sheriff's Deputy for **HIDALGO COUNTY** is a person who may be served with process at  the Hidalgo County Sheriff's Office located 711 El Cibolo Road, Edinburg, Texas 78541 or wherever he may be found.

## III. Jurisdiction and Venue

The subject matter in controversy is within the jurisdictional limits of this Court.

This Court has jurisdiction over the parties because Defendant is a Texas resident.

Venue is proper in Hidalgo County, Texas under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code in that Hidalgo County was the County in which all or a substantial part of the events or omissions giving rise to the claim occurred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

The damages sought are within the jurisdictional limits of the Court.

Plaintiffs seek monetary relief in the alternative as set forth at Rule 47(c)(1)-(5) of the

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

Texas Rules of Civil Procedure. Plaintiffs further demand judgment for all other relief to which they deem themselves entitled.

## IV. General Facts and Allegations

On or about October 6, 2021, **GUILLERMO SAN MIGUEL SANCHEZ** was shot and killed by **HIDALGO COUNTY** Sheriff's Deputies **BRIAN AYALA** and **JUAN FLORES** at his home located at 8222 Ruben Navarro, Weslaco, Hidalgo County, Texas. **SANCHEZ** was twenty-five (25) years old. He was disabled and suffered from one or more mental disorders. He is survived by his parents, Plaintiffs **MAURA SANCHEZ** and **GUILLERMO SAN MIGUEL MARTINEZ**.

The shooting occurred in or near a doorway to an interior bedroom. **GUILLERMO SAN MIGUEL SANCHEZ** was in the house alone at the time **HIDALGO COUNTY** Sheriff's Deputies **BRIAN AYALA** and **JUAN FLORES** entered the home without consent. After he was shot multiple times by **AYALA** and **FLORES**, **AYALA** and **FLORES** placed **GUILLERMO SAN MIGUEL SANCHEZ** in handcuffs. **GUILLERMO SAN MIGUEL SANCHEZ** died on October 6, 2021.

## V. Claims

Under Rule 48 of the Texas Rules of Civil Procedure, the following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

A.   **Wrongful Death Claim Pursuant to Subchapter A, Chapter 71 of the Texas Civil Practice & Remedies Code**

This claim for damages pursuant to Section 71.002 of the Texas Civil Practice &

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

Remedies Code, resulting from the wrongful death of **GUILLERMO SAN MIGUEL SANCHEZ**, Decedent, is brought forth by his parents, **MAURA SANCHEZ** and **GUILLERMO SAN MIGUEL MARTINEZ**, who are the representatives of the **ESTATE OF GUILLERMO SAN MIGUEL SANCHEZ**, and his heirs, entitled to bring suit under Section 71.004 of the Texas Civil Practice & Remedies Code, and is based upon the facts and legal theories more fully set out herein.

At the time of death, **GUILLERMO SAN MIGUEL SANCHEZ**, Decedent, was 25 years old. **GUILLERMO SAN MIGUEL SANCHEZ** provided to **MAURA SANCHEZ** and **GUILLERMO SAN MIGUEL MARTINEZ** love, care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary nature, comfort, companionship, and society in the past and in reasonable probability in the future. **MAURA SANCHEZ** and **GUILLERMO SAN MIGUEL MARTINEZ** have suffered mental anguish, emotional pain, torment, and suffering as a result of the wrongful death of their son.

As a result of the wrongful death of **GUILLERMO SAN MIGUEL SANCHEZ**, Plaintiffs **MAURA SANCHEZ** and **GUILLERMO SAN MIGUEL MARTINEZ** have suffered damages, including pecuniary loss sustained in the past, pecuniary loss that, in reasonable probability, will be sustained in the future, loss of companionship and society sustained in the past, loss of companionship and society that, in reasonable probability, will be sustained in the future, mental anguish sustained in the past, and mental anguish that, in reasonable probability, will be sustained in the future and loss of inheritance in an amount within the jurisdictional limits of the Court. Plaintiffs seek damages within the jurisdictional limits of the Court.

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

**B.**     **Survival Claim Pursuant to Subchapter B, Chapter 71 of the Texas Civil Practice & Remedies Code**

This claim for damages resulting from the death of **GUILLERMO SAN MIGUEL SANCHEZ**, Decedent, is brought forth by his parents **MAURA SANCHEZ** and **GUILLERMO SAN MIGUEL MARTINEZ** who are the representatives of the **ESTATE OF GUILLERMO SAN MIGUEL SANCHEZ**. They are the only heirs.

Plaintiffs bring this survival action pursuant to Section 71.021 of the Texas Civil Practice & Remedies Code because **GUILLERMO SAN MIGUEL SANCHEZ** suffered personal injury, and is based upon the facts and legal theories more fully set out herein.

Plaintiffs seek damages for the mental anguish, emotional pain, torment, and suffering that **GUILLERMO SAN MIGUEL SANCHEZ**, Decedent, suffered prior to his death and for reasonable and necessary medical, funeral and burial expenses, if any, which were reasonably incurred because of such wrongful death. Plaintiffs seek damages within the jurisdictional limits of the Court.

**C.**     **Texas Tort Claims Act Claim**

**HIDALGO COUNTY** is a governmental unit under Section 101.001(3)(B) of the Texas Tort Claims Act that has waived immunity.

**HIDALGO COUNTY** had actual notice of Plaintiffs' claims and injuries from the date of the incident due to its own investigation. Actual notice satisfies the statutory prerequisites of Section 101.101 of the Texas Tort Claims Act. Further, written notice was provided on or about December 28, 2021, by the undersigned counsel.

**HIDALGO COUNTY** is liable to Plaintiffs for personal injuries and death which arose

H:\P\22-5792\Pleadings\10.5.23 First Amended Petition.wpd

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

from the negligent condition or use of tangible personal property. **HIDALGO COUNTY** furnished to **HIDALGO COUNTY** Sheriff's deputies the guns and bullets used to injure and kill **GUILLERMO SAN MIGUEL SANCHEZ**. **HIDALGO COUNTY** dispensed property to its deputies which was then used for its intended use.[1] The negligent use of the property was a producing cause of the injuries described herein. **HIDALGO COUNTY** is liable for these injuries.

**D.      Municipal Liability Claim**

Plaintiffs commence this action against **HIDALGO COUNTY** pursuant to 42 U.S.C.A. § 1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of law of any rights, privileges or immunities secured by the United States Constitution and laws.

Plaintiffs contend that **HIDALGO COUNTY** is liable for the deprivation of **GUILLERMO SAN MIGUEL SANCHEZ**'s constitutional rights because the deprivation was pursuant to a governmental custom, policy, ordinance, regulation, and/or decision that was unconstitutional and the deprivation proximately caused **GUILLERMO SAN MIGUEL SANCHEZ**'s injury.

**HIDALGO COUNTY** breached its duty to provide its sheriff's deputies with adequate training in reference to domestic disturbance calls, use of deadly force, arrest, and detention. The

---

[1]*See Tex. Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 206 (Tex. 2020) ("Where, as here, a governmental unit authorizes or orders an employee to use tangible personal property for a specific purpose, that governmental unit has 'used' the tangible personal property for purposes of the Act's waiver.").

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

grossly inadequate training resulted from and was caused by **HIDALGO COUNTY**'s deliberate indifference to the rights of **GUILLERMO SAN MIGUEL SANCHEZ** under the United States Constitution. The grossly inadequate training of their officers is a producing and proximate cause of the violations of **GUILLERMO SAN MIGUEL SANCHEZ**'s constitutional rights and damages complained of herein.

**E.       Section 1983 Claim against Brian Ayala**

Plaintiffs commences this action against **BRIAN AYALA** pursuant to 42 U.S.C.A. § 1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of law of any rights, privileges or immunities secured by the United States Constitution and laws.

**HIDALGO COUNTY** Sheriff's Deputy **BRIAN AYALA** was acting under color of state law when performing his official duties relating to **GUILLERMO SAN MIGUEL SANCHEZ**. **AYALA** was in full police uniform. As shown in this Section, **HIDALGO COUNTY** Sheriff's Deputy **BRIAN AYALA** misused the power he possessed by virtue of state law and/or was clothed with the authority of state law at the time of the officer's acts.

Plaintiffs bring a Section 1983 claim against Sheriff's Deputy **BRIAN AYALA** for excessive force. **AYALA** violated a "clearly established law" of which a reasonable person would have known. **AYALA** violated the Fourth Amendment's prohibition against unreasonable seizures of the person. The excessive force claim has been most properly characterized as one invoking the protections of the Fourth Amendment which guarantee citizens the right "to be secure in their persons ... against unreasonable seizures" of the person. *Graham v. Conner,* 490

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

U.S. 386 (1989). At a general level, it is clearly established that an individual has a right to be free from excessive force. *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). At a more particularized level, it is well established that "deadly force violates the Fourth Amendment *unless* 'the officer has probable cause to believe that the suspect poses a threat of serious harm, either to the officer or to other[.]" *Bazan ex rel Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 488 (5th Cir. 2001) (quoting *Tenn. v. Garner*, 471 U.S. 1, 11 (1985). Accordingly, **GUILLERMO SAN MIGUEL SANCHEZ** had a clearly established constitutional right to be free of excessive force prior to and during the arrest. **AYALA** was aware of **GUILLERMO SAN MIGUEL SANCHEZ**'s Fourth Amendment rights. Excessive force was used against **GUILLERMO SAN MIGUEL SANCHEZ** in violation of these rights, including shooting **GUILLERMO SAN MIGUEL SANCHEZ** with a gun multiple times causing injury and death.

GUILLERMO SAN MIGUEL SANCHEZ** was shot in the doorway to his bedroom. At the time of the shooting by **AYALA** and **FLORES**, **GUILLERMO SAN MIGUEL SANCHEZ** did not pose a threat of serious harm. Both Sheriff's Deputies had tasers, but did not use them. **GUILLERMO SAN MIGUEL SANCHEZ** had a kitchen knife in his left hand at his side pointed down and was not making any threatening movements or gestures at the time of the shooting. Both deputies could have retreated instead of firing. Neither sheriff's deputy gave **GUILLERMO SAN MIGUEL SANCHEZ** a command to stop advancing or drop the knife prior to the shooting. Immediately prior to the shooting, Sheriff's Deputy **AYALA** said, "Hey." Prior to the shooting, **GUILLERMO SAN MIGUEL SANCHEZ** had been asked to come out of the bedroom.

The autopsy report states manner of death was homicide. The autopsy report shows that at

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

least three of the shots were in **GUILLERMO SAN MIGUEL SANCHEZ**'s back (right upper lateral buttock, left upper buttock and left mid back area) indicating that the sheriff's deputies were not under a threat of serious harm.

**BRIAN AYALA** made a number of false statements[2] in his official report, including the following:

(1) "a few feet away from me";

(2) "brandishing a knife";

(3) "blade pointed towards me"; and

(4) "very worried that if I back up, I might trip and fall."

Plaintiffs bring a Section 1983 claim against **BRIAN AYALA** for unlawful entry and arrest in violation of the Fourth Amendment. **BRIAN AYALA** entered **GUILLERMO SAN MIGUEL SANCHEZ**'s permission without **GUILLERMO SAN MIGUEL SANCHEZ**'s permission and unlawfully arrested him.

**BRIAN AYALA** was acting within the scope of his authority as a sheriff's deputy for **HIDALGO COUNTY** at the time of the conduct in question. **AYALA** violated a "clearly established law" of which a reasonable person would have known. As the Supreme Court has explained, "[i]t is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980). **AYALA** violated the Fourth Amendment's prohibition against arrest without probable cause which was clearly established at the time. **AYALA** was aware of **GUILLERMO**

---

[2]There are videos that impeach is report.

H:\P\22-5792\Pleadings\10.5.23 First Amended Petition.wpd                    Page 9 of  14

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

**SAN MIGUEL SANCHEZ**'s Fourth Amendment rights. An unlawful arrest was made and he was unlawfully detained in violation of these rights.

Plaintiffs seek compensatory damages, and punitive damages against **BRIAN AYALA**, individually, and a reasonable attorney's fee as authorized by 42 U.S.C.A. § 1988.

**F.      Section 1983 Claim against Juan Flores**

Plaintiffs commences this action against **JUAN FLORES** pursuant to 42 U.S.C.A. § 1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of law of any rights, privileges or immunities secured by the United States Constitution and laws.

**HIDALGO COUNTY** Sheriff's Deputy **JUAN FLORES** was acting under color of state law when performing his official duties relating to **GUILLERMO SAN MIGUEL SANCHEZ**. **FLORES** was in full police uniform. As shown in this Section, **HIDALGO COUNTY** Sheriff's Deputy **JUAN FLORES** misused the power he possessed by virtue of state law and/or was clothed with the authority of state law at the time of the officer's acts.

Plaintiffs bring a Section 1983 claim against Sheriff's Deputy **JUAN FLORES** for excessive force. **FLORES** violated a "clearly established law" of which a reasonable person would have known. **FLORES** violated the Fourth Amendment's prohibition against unreasonable seizures of the person. The excessive force claim has been most properly characterized as one invoking the protections of the Fourth Amendment which guarantee citizens the right "to be secure in their persons ... against unreasonable seizures" of the person. *Graham v. Conner,* 490 U.S. 386 (1989). At a general level, it is clearly established that an individual has a right to be

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

free from excessive force. *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). At a more particularized level, it is well established that "deadly force violates the Fourth Amendment *unless* 'the officer has probable cause to believe that the suspect poses a threat of serious harm, either to the officer or to other[.]" *Bazan ex rel Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 488 (5th Cir. 2001) (quoting *Tenn. v. Garner*, 471 U.S. 1, 11 (1985). Accordingly, **GUILLERMO SAN MIGUEL SANCHEZ** had a clearly established constitutional right to be free of excessive force prior to and during the arrest. **FLORES** was aware of **GUILLERMO SAN MIGUEL SANCHEZ**'s Fourth Amendment rights. Excessive force was used against **GUILLERMO SAN MIGUEL SANCHEZ** in violation of these rights, including shooting **GUILLERMO SAN MIGUEL SANCHEZ** with a gun multiple times causing injury and death.

**GUILLERMO SAN MIGUEL SANCHEZ** was shot in the doorway to his bedroom. At the time of the shooting by **AYALA** and **FLORES**, **GUILLERMO SAN MIGUEL SANCHEZ** did not pose a threat of serious harm. Both Sheriff's Deputies had tasers, but did not use them. **GUILLERMO SAN MIGUEL SANCHEZ** had a kitchen knife in his left hand at his side pointed down and was not making any threatening movements or gestures at the time of the shooting. Both deputies could have retreated instead of firing. Neither sheriff's deputy gave **GUILLERMO SAN MIGUEL SANCHEZ** a command to stop advancing or drop the knife prior to the shooting. Immediately prior to the shooting, Sheriff's Deputy **AYALA** said, "Hey." Prior to the shooting, **GUILLERMO SAN MIGUEL SANCHEZ** had been asked to come out of the bedroom.

The autopsy report states manner of death was homicide. The autopsy report shows that at least three of the shots were in **GUILLERMO SAN MIGUEL SANCHEZ**'s back (right upper

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

lateral buttock, left upper buttock and left mid back area) indicating that the sheriff's deputies were under not under a threat of serious harm.

**JUAN FLORES** made a number of false statements[3] in his official report, including the following:

(1)     Sanchez ignored all of our commands to stop and drop the knife as he moved forward in our direction with the knife.

**JUAN FLORES** was acting within the scope of his authority as a sheriff's deputy for **HIDALGO COUNTY** at the time of the conduct in question. **FLORES** violated a "clearly established law" of which a reasonable person would have known. As the Supreme Court has explained, "[i]t is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton*, 445 U.S. at 586. **FLORES** violated the Fourth Amendment's prohibition against arrest without probable cause which was clearly established at the time. **FLORES** was aware of **GUILLERMO SAN MIGUEL SANCHEZ**'s Fourth Amendment rights. An unlawful arrest was made and he was unlawfully detained in violation of these rights.

Plaintiffs seek compensatory damages, punitive damages against **JUAN FLORES**, individually, and a reasonable attorney's fee as authorized by 42 U.S.C.A. § 1988.

### G.     Reservation of the Right to Bring Additional Claims

Plaintiffs reserve the right to bring such other and further claims as they deem necessary.

### VI. Jury Demand

Plaintiffs have demanded a trial by jury and tendered the appropriate fee.

---

[3]There are videos that impeach his report.

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

## VII. <u>Prayer</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs **GUILLERMO SAN MIGUEL MARTINEZ AND MAURA SANCHEZ, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF GUILLERMO SAN MIGUEL SANCHEZ** pray that Defendants **HIDALGO COUNTY, BRIAN AYALA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A SHERIFF'S DEPUTY FOR HIDALGO COUNTY, AND JUAN FLORES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A SHERIFF'S DEPUTY FOR HIDALGO COUNTY** be cited to appear and answer herein, and that on final trial, Plaintiffs have the following:

1.    Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court;

2.    the Court award Plaintiffs all costs of suit and fees;

3.    the Court award all damages allowed under Plaintiffs' statutory causes of action;

4.    the Court award attorney's fees;

5.    the Court award punitive damages against **BRIAN AYALA** and **JUAN FLORES**, individually;

6.    the Court award any pre-Judgment and post-judgment interest as provided by law; and

7.    the Court award any and all other and further relief to which Plaintiffs may be justly entitled.

**Exhibit C**

Electronically Filed
10/5/2023 11:30 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

Respectfully submitted,

RAÚL A. GUAJARDO
State Bar No. 24029214
LAW OFFICE OF RAÚL A. GUAJARDO, P.L.L.C.
706 E. University Drive
Edinburg, Texas 78539
Telephone No. 956.318.3200
Facsimile No. 956.318.3205
raul@raulguajardo.com; melba@raulguajardo.com

*/s/ William Mount, Jr.*
KATIE P. KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
Telephone No. 956.687.8700
Facsimile No. 956. 687.2416
office@daleklein.com
**Attorneys for Plaintiffs**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been forwarded on October 5, 2023, to counsel of record:

Preston Edward Henrichson
HENRICHSON LAW PLLC
222 West Cano
Edinburg, Texas 78539
eservices@henrichsonlaw.com

*/s/ William D. Mount, Jr.*
WILLIAM D. MOUNT, JR.

**Exhibit C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katie Klein on behalf of William Mount
Bar No. 14602950
office@dklawllp.com
Envelope ID: 80325100
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' First Amended Petition
Status as of 10/6/2023 2:55 PM CST

Associated Case Party: Hidalgo County

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Preston Henrichson | | eservices@henrichsonlaw.com | 10/6/2023 10:29:56 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DALE KLIEN | | OFFICE@DALEKLEIN.COM | 10/6/2023 10:29:56 AM | SENT |
| Raul Guajardo | | office@raulguajardo.com | 10/6/2023 10:29:56 AM | SENT |

**Exhibit C**